UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CURTIS MCDANIEL,
                        Plaintiff,

-v-

CITY OF NEW YORK, *et al.*,
                        Defendants.

19-CV-3526 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

      Plaintiff Curtis McDaniel, *pro se* and proceeding *in forma pauperis*, filed this action on April 19, 2019. (Dkt. No. 1.) In his amended complaint, he alleges false arrest, false imprisonment, malicious prosecution, and use of excessive force against him. (Dkt. No. 13.) On November 20, 2019, he filed a request for counsel. (Dkt. No. 23.) He writes that he needs representation because he "[has three] civil suit[s] and [seven] more if they can't be settled." (*Id.*)

      A district court may appoint counsel under 28 U.S.C. § 1915(e). The Second Circuit has directed district court's to determine first whether the plaintiff made "a threshold showing of some likelihood of merit." *Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) (quoting *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989)). Once that showing has been met, a district court "should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented . . . , the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." *Id.* at 42 (citing *Hodge v. Police Officers*, 802 F.2d 58, 59 (2d Cir. 1986)).

1

District courts must remain aware that "[v]olunteer lawyer time is a precious commodity." *Cooper*, 877 F.2d at 172.

There is at least some chance that the allegations of the amended complaint will succeed. *See, e.g.*, *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 204 (2d Cir. 2003) (noting that a *pro se* litigant need only show "some chance of success" or "seem[] likely to be of substance" (internal quotation marks omitted)). However, the legal issues in the case do not yet seem particularly complex, and at this early stage of the case, McDaniel has no need for assistance investigating the crucial facts or for assistance in cross-examination. Nor is appointment of counsel appropriate for any special reason.

Accordingly, McDaniel's application for appointment of counsel is denied without prejudice to renewal at a later stage in the case. *See Quadir v. N.Y. State Dep't of Labor*, 39 F. Supp. 3d 528, 543 (S.D.N.Y. 2014).

The Clerk of Court is directed to close the motion at Docket Number 23.

SO ORDERED.

Dated: November 26, 2019
       New York, New York

                                          J. PAUL OETKEN
                                    United States District Judge

*COPY MAILED TO PRO SE PARTY BY CHAMBERS*