SEP 2 1 2020

PRO SE OFFICE

United States District Court
Southern District Of New York

Curtis McDaniel          Second
                         Amended Complaint
          V              Case # 19-CV-03526

The People Of the
City Of New York

Defendant Information

Defendant 1:
Gregory   Welch
Officer

Defendant 2:
J.   Quilty          Shield #2751
Detective

Defendant 3
Daniel   Howell
Officer

Denfendant 4
Patrick   Fanning
Officer

Denfendant 5
Kenneth   ~~Fanning~~ Faulker
Officer

Deofendant: 6
Bobby        Wilkins
Officer

Deofendant: 7
Howard Leader
lawyer
11-11 park pl
New York N.Y. 10007

Defendant: 8
A.D.A   Rivet. C
District Attorney office
of Manhatten

Defendant: 9
Richard      Tsai
Hon. Judge

Defendant: 10
A.        Drysdale
Hon Judge

Defendant: 11
Ann D. Thompson
Hon Judge

Defendant: 12
Thomas   William
Officer

Malicious Prosecution > Fasle Arrest >
Equal Protection Clause > Negligent
Investigation > Due Process > Slander >
Strip Search Invasion of privacy

The existence of probable cause is
determined by the trial Judge as a
question of law, The supreme court
of california held in sheldon Appeal
C.O.V. Albert and Oliker if the facts
are not in dispute, the issue of probable
cause is a matter of law. If there is
an issue of probable cause and all
facts of the probable cause are not
true probable cause is absent.

Quality of Information Received
When the nature of the information
received requires that a prudent person
investigate further prior to commencing
a criminal prosecution, there is a lack
of probable cause. Thus, Florey V. District
Court found that there was some
doubt that there was s claimed break-
ins and rape involving the same

Complaining witness actually occured

Probable Cause: Burden of Proof

Most courts hold that all warrantless arrests are presumed to be false and that the existence of probable cause is an affirmative defense to be pleaded and proved by the defendent, Plaintiff has burden of proof if arrest occurred in public place. But see noel V. King County, 48 wash. App. 227, 738 P. 2d 692 (1987), interpreting wash, Rev. Code §10.31.100

Holmes V. Village of Hoffman Estates, acquittal permitted a state claim for malicious prosecution. It is reasonable to demand that each charge [by an officer] be supported by probable cause [or] police officers would be free to tack a variety of baseless charges with no risk of being held accountable for the excess.

Probable cause to arrest exists if
there is a sufficient quantum of
fact to permit an officer to reason
able believe that it is more likely
than not that a particular person
committed an offense. These may
be other facts known or readily apparent
to the officer, however, which militate
in favor of the person to be arrested.
Arrest invalid when knowledge of
exculpatory evidence directly negat-
ing element of offense known. But see
Jocks v. Tavernier, 316 F. 3d 128, 134-
136 (2d Cir. 2003), applying new york law.
This false arrested also lead to a viol
ation of my equal protection clause
discrimination on basis of sexual
orientation or gender identity
prosecution not absolutely immune
for purported instructions to
police not to accept or investigate
plaintiffs claims on first amendment
- "Class of one" equal protection claims
based on differential treatment
of private disputants - Hagan v.

County of Lewis 929 F. Supp. 2d
130, 148-150 (N.D.N.Y. 2013)
        The charge of attempted assault
in the third degree was facially insu
fficient because defendants alleged
act of pushing an arresting officer
away from him, with out more, did
not demonstrate an intent to injure
or that defendants actions came
completed assault. People V Chavez,
972 N.Y.S 2d 858, 41 Misc. 3d 526,
2013 N.Y. Misc. Lexis 3582 (N.Y.
City crim. Ct 2013) Attempt is action
done with intent to commit some
other crime and theory is that,
although defendant may have failed
in his purpose, his conduct is never the
less culpable and if carried far enough
cause sufficient risk of harm to be
treated as crime itself. People V
Bracey, 41 N.Y. 2d 296, 392 N.Y.S. 2d
412, 360 N.E. 2d 1094, 1977 N.Y. Lexis
1839 (N.Y.), reh'g denied, 41 N.Y. 2d
1010, 395 N.Y.S. 2d 1027, 1977 N.Y.
Lexis 3447 (N.Y. 1977)

Ordering arrest after police had
declined may be outside scope
of prosecutor's duties - Orobono
V. Koch, 30 F. Supp. 2d 840, 842
- 843 (E. D. Pa 1998)
McGhee V. Pottawattamie County, 547
F. 3d 922, 929 - 931 (8th Cir 2008), cert
granted, 556 U.S. 1181, 129. Ct. 2002,
173 L. Ed. 2d 1083 (2009) and cert.
dismissed, 558 U.S. 1103, 130 S. Ct.
1047, 175 L. Ed. 2d 641 (2010) (931-
932) use of false information to
file charges was not immunized.
(932-933)

Due process is necessary
where a recognized liberty interest
is present. Receipt of notice, some
kind of hearing, and a decision
supported by at least some
evidence, appears to the minimum
requirement. Although the Supreme
Court's decision in Albright V
Oliver found that there was no
substantive due process right to

be free from prosecution without probable cause, this badly fractured decision did little to clarify the nature of constitutional tort claims for malicious presecution.

Strip searchs of misdemeanants waiting on bail and arraingment absent of any belief that the plaintiffs is dangerious and its discriminatory when males detainess under similar circumstances are not searched is a cause of action. My 4th, 5th, 6th, 8th and 14th Amendments were violated from this proceeding.

911 was called saying I was doing one thing as I was leaving I grabed by Powells The victim to which I replied got the fuck off me laud. I shook her hands off me then got hit a few times. I scream again get the fuck off me, pushing Powells off me on the floor I then got up and left I told my lawyer what happen that day as my family came and took my things out the house clothes, dog, t.V. games. 2 or 3 month later I was arrested in court on another case.

Claims Against A.D.A Rivet. C
Howard Leader

Personal Involvement > Conspiracy >
Negligent Investigation.

Howard Leader my lawyer was in-
formed by me that I had a incident
while he was representing me on
a felony case. Because, of an aggress-
ive dispute between me and him
over the felony case, he conspired
with the A.D.A Rivet, C to arrest
me on bad faith of prosecutorial
discretion recklessly investigating. I
was arrested at court months later
after the incident by court officers
and Howard signed off of my case
at the same time. The A.D.A and
my lawyer conspired the arrest
in an attempt to have me reman-
ded on a assualt so I couldn't
get out of Jail and continue my
defence, which I was work on dilligently.

That felony case that they were trying to stop me from perfecting my defense on was later dismissed. This was a show on conflict of intrest and out side the scope of the duty.

The badfaith exercised without the standards of proof in each element of each charge. Also the mere act of filing, or "swearing out", a criminal complaint is insufficent to establish the color of state law requirement. In an assualt with no injury report, E.M.S. report, picturs, videos, or statements; furthermore the mental health, on site behavior patterns, and 911 call audio recourding show no probable cause for my arrest/prosecution. Stinnett V. Fallen County, 2003 U.S. App. LEXIS 16095 (6th Cir. Aug. 5 2003). Prosecutors who allegedly intentionally fabricated false facts to create probable cause would be liable under Devereaux V. Abney, and omissions would also create liability. Qualified immunity

was denied immunized. (932-933)
ordering arrest after police had
declined may be outside scope of
prosecutors Duties - Orabona V. koch,
30 F. Supp. 2d 842-843 (E.D. Pa. 1998)
McGhee V. Pottawattamie County,
547 F. 3d 922-931, 931 (8th Cir. 2008),
cert granted, 556 U.S. 1181, 1295. Ct.
2002, 173 L. Ed. 2d 1083 (2009) and cert.
dismissed, 558 U.S. 1103, 130 S. Ct. 1047,
175 L. Ed. 2d 641 (2010), applying Iowa law.
If prosecutors were acting with in the
scope of their office or employment,
the ITCA explicitly bars... Claims
of false imprisonment and false
arrest... but there was no decision
whether alleged fabrication of
evidence, perjury, and suppression
of exculpatory evidence occurred
during the investigative stage. A defam
ation claim arising out of a press
conference and press release
was absolutely immunized. (931-932)
But, use of false information to file
charges was not immunized. (932-933)

Claim against Richard Tsai, A. Drysdale, Ann D. Thompson Color of law

Jurisdiction The Judges are not even appointed or elected by the state to reside over my criminal cases at all, Half of them are sitting permanitly on a temporary seat while there is no reelection going on. This lead Judge to be able to violate the right on detainee primarly the $5^{th}, 8^{th}, 14$ Amendment. Administrative Judges only are allowed to recieve information at court, not initiate arraignment, dismiss cases, or creat motion orders and decision with out the over seeing of their chief Judge. My case never made it to a grand Jury as evidents of courts inability to trial the case violating due process.

Richard Tsai intiated the proceeding by allowing prosecution with out proving all them elements of the crime to prosecute. He allowed the A.D.A to act with in neglict with out due process. Further more there was no grand Jury proceeding with such a high bail in tack. The bail was high do to my in ability to pay violating my 8th Amendment.

A. Drysdale resided over my case allowing the A.D.A to proceed with prosecution with out information, fact of law, evidence, and no supporting disposition. Further more I was prosecuted out of my speedy trial statue of limitation, and 180.80.

Ann D. Thompson dismissed the case with out a chief Judge over seeing the dismissal on facts of law.

Abuse Of Process Claim
Changing Decision > Impotence
of bail

I was arrested at court for a
misdemeanor, while waiting to
see the judge about a felony case.
I was given a new lawyer,
prosecuted, and remanded with
a high bail that should have
been release on own recognizance.
There was a lot of slander and
no discretion about information
about my home life. The arrest,
arraignment, and bail was an
abuse of process for court to hold
me in jail, stoping from finishing
my perfect defense on another
felony case# 2016-1302 indictment.
Thus helping court get a higher
success rate of conviction. The case
was dismissed because it was unable
to be tried by speedy trial
provisions.

My attorney was informed of the
incident by me when I happen,
then me in him had a few insulting
conversatio 3 months later. Soon
after he alerted the district
attorney about the assault, then
signed off my cases after being
paid .20 k, having me arrested
at my 06/21/18 Court date. The
32 precint declined to arrest
because the victum decided not
to prosecute. My lawyer and the
A.D.A assistant district attorney
had court officers arrested. Orobono
V. Koch, 30 F. Supp. 2d 840,842-843
E.D. Pa.1998 Explains ordering arrest,
after police had declined may be
out side scope of prosecutors duties.
        I was arraigned and prosecuted
for 3 month with out any inform-
ation or supporting disposition/
statement from victum. There was
also no grand jury and I wasn't
allowed to speak in court and called
a homosexual off court minuets.

## Charging Decision

The court will intervene albeit rarely if counsel can establish that his client is the victim of "selective" or "discriminatory" prosecution or is the target of prosecutorial "vindictiveness." As with other remedies for prosecution improprieties, the remedies discussed herein must be viewed in light of their fundamental limitation — Judicial reluctance to utilize or enforce them. In United States V. Stein, 435 F. Supp. 2d 330 (S.D.N.Y. 2006), the district court granted the defendants motion to dismiss the indictment to the extent that the defendants' fifth and Sixth Amendment.

## Due Process

Due process is necessary where a recognized liberty interest is present. Receipt of notice, Some kind of hearing, and a decision supported

by at least some evidence appears
to the minimum requirment. Although
the Supreme Courts decision in
Albright V. Oliver 1103, 130 S.Ct. 1047,
175 L.Ed. 2d 641 (2010) applying
Iowa law. If prosecutors were
acting within the scope of their
office or employment, the ITCA
explicitly bars... Claims of false
imprisonment and false arrest... but
there was no decision whether
alleged fabrication of evidence,
perjury, and suppression of exculpatory
evidence occurred during the
investigative stage. The use of false
information to file charges is not
immunized. (932-933) To use false
information to file charges is just as
bad as having no information to file
charges.

Bail

My bail was excessive to
restrict me from perfecting my
perfect defense on a felony case

that has nothing to do with the misdemeanor case, by remanding trying to impose a high bail I can not paying on one case, and trying to raise my 50k bail on the felony case due to the new arrest. Furthermore this would give court a high success rate of conviction, because most remand detainee except plea bargins to get out or can properly defend them selves by paying lawyers and working ect. In which case I lost my paid lawyer the day of the arrest.

Speedy trial

My case could be tried at all so it was dismiss due to speedy trial provision. The was no information at all statement, pictures of injuries, video and all. Only there was audio proving my innocents in defending my self with a push to get her off me heard "Get the fuck off me" I screamed during the 911 call.

# Excessive Force Claim

I was assaulted by Emergency Service Unit while I was in a holding pen with out being read miranda rights or being told what I was arrested for. 5 E.S.U. officers open the pen with a shield and a stun gun, and they shot me in the chest after a shield rush, and I fell to the ground. As I fell I had hit my head hard on the ground and starting having an asthma attack. I was then being punched and kneed in the head and body while being rolled on my stomach and cuff still being hit, untill I was picked up and place on a metal chain sheet and rolled up in it. I was taken to to hospital on my stomach in the metal sheet chain having an asthma attack.

# Degrees of force

A blow to the head is considered deadly force, and a blow to the knee/arm is considered non deadly force. I hit my head on the ground while I was being tasered. Then I was punch multiple time in the head and body while a knee was placed on my throat.

# Policy on degrees of force and detention

An unviolent detainee should be controled by order, grabs, and non lethal methods. There is a duty to make sure the detainee servicess and not put to cruel and unusual punishment. Also one cuffed detainee shouldn't still recieve multiple injuries. Not once did attempt to fight violate or bring cause for any bodly harm or excessive force

It is "pain, not injury," that is the touchstone of the Eighth Amendment Excessive Force and Beating and kneeing in back of shackled and defenseless prisoner aggravating medical condition was reprehensible "Malicious Desire to cause Harm" Hendrickson V. Cooper, 589 F. 3d 887, 891, 894 (9th Cir 2009) A $75,000 pain and suffering compensatory damages award and punitives of 105,000 were upheld

My 8th Amendment was violated under cruel and unusual punishment for the unwarranted assualt/batter by emergency Service Unit

Fair trial Claim.

My case couldnt be tried meaning court had Jurisdiction knowlege to try a case. The was no information or supporting disposition, actually there was no grand Jury or evidence at all. The case was at arraignment for 3 months out side of misdemeanor speedy trial statue of limitations. The statue of limitations is 3 month under 30.30(2)(A). There was nothing done at arraignment so there is no excludable time for the people.

My 6th Amendment was violated because I was not given the right to a speedy trial.

False Imprisonment > Imposition
of bail Claim

I was arrested on 06/21/20 out
of court, officers asked me my
name to which I told them. I
was then grabbed and pushed out
of court forcefully and arrested. I
did not consent to the arrest so
I was pushed in the hold pen
while I asked why I'm being
arrested. This case was a matter of
false arrest because investigating officers,
decline the arrest because the
victim had clear cut mental
health issues, attacked me, and
didn't wish to press charges. The
district Attorney and my defense attorney
acted out of scope of duties. I was
imprisoned for 4 days and the case
couldn't be tried and was dismissed
do to 30.30 speedy trial motion.
I was issue a high bail based on
that my 8th Amendment was violated,
and the high bail was based

on a case with no evidence or information, with a variety of baseless charges. Each an every element of the charges weren't proven. This was to increase bail on a misdemear in which I should have been ROR on. The bail produced hard ship to pay because I was already on a 50k bail on another case and I had just finished paying my lawyer 20k, then he signed off the case. Also during my imprisonment my dog suffered starvation with no one home to feed and walk her. Peterson V. County of Nassau, 995 F. Supp. 305, 315-324 (E.D.N.Y. 1998) applying New York law. A $160,000 damages award to each plaintiff was excessive and a remittur to $15,000 was ordered where detention was short, no formal charges were brought, no physical injury occurred, and police were not overbearing. The case contains a detailed analysis of relevant New York damages awards. (My 4th Amendment was violated)

# Damages

I'm filing suit for compensatory, general, special, and punitive damages in the amount of 1,200,000. These These claims: Malicious Prosecution, Abuse of process, False Arrest, False imprisonment, Fair trial, Impotence of bail, Medical delay, Conspiracy, illegal searches/~~the~~ illegal amount of strip searches, and unfit holding pen conditions. Furthermore I'm asking for amout do to malicious conduct, mental angrish/emotional distress, treatment, phsyical harm loss of employment/wages, loss of enjoyment, shock, slander/reputation, legal fees, incarseration fee, surcharges, loss of house hold/possession harm to my animal, and emotional shock to my family from hearing me doing 4 days of a transgender. More over the fact that the Judges acted out of the officials

duties and capacity sitting permanitly
on a temporary seat and not even
having Jurisdiction by being/havent
been appointed or elected by secutary
of the state to reside over criminal
cases. The Judge district attorny, and
officers violated my 4th, 5th, 6th, 14th, 8th
amendment. Further more many
injuries including economic and
non-economic are seen; loss of
opportunity, inconvenience, transportation,
loss of wages, family presence at court,
humiliation, discrimination due to gender,
strip search, mental anguish, emotional
distress, pain and suffering, and clear cut
disreguard for my rights.

McDaniel Curtis
**BARE HILL CORRECTIONAL FACILITY**
CALLER BOX 20, 181 BRAND ROAD
MALONE, NEW YORK 12953

20A0243

Pro Se Intake Unit
500 Pearl Street
New York, N.Y. 10007