UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CURTIS McDANIEL,

                        Plaintiff,

          -against-

THE PEOPLE OF THE CITY OF NEW YORK, ET AL.

                       Defendants.

19-CV-3526 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

       Plaintiff, currently incarcerated at Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging false arrest, false imprisonment, malicious prosecution, and use of excessive force against him. By order dated July 8, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. On September 24, 2019, this Court issued an order of service dismissing several of Plaintiff's claims and granting leave to amend. (Dkt. No. 16.) On September 21, 2020, Plaintiff filed his second amended complaint. (Dkt. No. 49.) This complaint included several parties previously dismissed in the Court's September 24, 2019 order.

**STANDARD OF REVIEW**

       The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572

1

F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

**A.     Claims against the People of the City of New York**

Plaintiff previously asserted claims against the People of the State of New York, which this Court construed as asserting claims against the City of New York. (Dkt. No. 16 at 2.) Plaintiff's second amended complaint names "The People of the City of New York," which this Court construes as "The City of New York." The Court directs the Clerk of Court to amend the caption of this action to replace the People of the City of New York with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is once again without prejudice to any defenses the City of New York may wish to assert.

**B.     Claims against Judge Thompson and Judge Drysdale**

Plaintiff previously asserted claims against Judges Thompson and Drysdale, who this Court found were entitled to judicial immunity. (Dkt. No. 16 at 2–3.) That conclusion still stands, and is extended for the same reasons to Judge Richard Tsai. Accordingly, all claims against Judge Thompson, Judge Drysdale, and Judge Tsai are dismissed.

**C.     Claims against ADA Rivet**

Plaintiff also previously asserted claims against ADA Rivet, who this Court found was entitled to prosecutorial immunity. (Dkt. No. 16 at 3–4.) That conclusion still stands. Accordingly, all claims against ADA Rivet are dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims against the People of the City of New York, Judge Ann D. Thompson, Judge A. Drysdale, Judge Richard Tsai, and Assistant Attorney Christopher Rivet are hereby dismissed, *sua sponte*. The Clerk of Court is also directed to add the City of New York as a Defendant under Fed. R. Civ. P. 21.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: October 7, 2020
New York, New York

_____
J. PAUL OETKEN
United States District Judge